O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVINIA A. GILMORE,<br><br>             Plaintiff,<br><br>      vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>             Defendant. | Case No. EDCV 07-1307 RNB<br><br>ORDER REVERSING DECISION OF<br>COMMISSIONER AND REMANDING<br>FOR THE PAYMENT OF BENEFITS |

The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation.[1]

As to Disputed Issue No. 1, for the reasons stated by plaintiff at pages 16-20 of the Joint Stipulation, the Court is unable to affirm the finding of the Administrative Law Judge ("ALJ") that plaintiff regained the residual functional capacity ("RFC") to perform essentially the full range of exertionally light work beginning October 1,

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

2003. Specifically, the Court concurs with plaintiff that, in failing to explicitly credit or reject the opinions of disability rendered by plaintiff's treating physicians, Drs. Finley and Yang, and in adopting the contrary opinions of the medical advisor, Dr. Sparks, who had never examined plaintiff, the ALJ failed to follow the proper legal standards. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."). The Court further concurs with plaintiff that the ALJ's finding that, while plaintiff's RFC precluded her from all full-time work activity during the period September 19, 2001 through September 30, 2003, plaintiff suddenly regained the RFC to perform essentially the full range of exertionally light work beginning October 1, 2003, is so contrary to the medical evidence of record (including the evidence of flareups after September 30, 2003) that it appears to have been reached almost arbitrarily. See Hollihan v. Massanari, 246 F.3d 1195, 1207 (9th Cir. 2001) (faulting ALJ for selectively relying on some entries in the claimant's medical records while ignoring "the many others that indicated continued, severe impairment").

As to Disputed Issue No. 2, the Court disagrees with the Commissioner that the new evidence was not material and probative. Rather, the Court finds that the new evidence was material and probative of whether plaintiff had regained the RFC to perform essentially the full range of exertionally light work beginning October 1, 2003, as the ALJ had found. Moreover, where as here, the Appeals Council considers additional evidence but denies review, the additional evidence becomes a part of the Administrative Record for purposes of the Court's analysis. See Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993); accord Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b). It thus became

incumbent on the Appeals Council to provide specific and legitimate reasons for rejecting the September 2, 2005 opinion of disability rendered by plaintiff's treating physician, Dr. Marwama, if the Commissioner was not going to credit that opinion. (See AR 605-12). The Appeals Council did not even purport to provide any such reasons when it denied review. (See AR 5-7). For the foregoing reasons, the Court concurs with plaintiff that the Appeals Council erred in failing to overturn the ALJ's decision in light of the additional medical evidence submitted to and considered by the Appeals Council.

As to Disputed Issue No. 3, for the reasons set forth by plaintiff at pages 24-26 of the Joint Stipulation, the Court is unable to affirm the ALJ's adverse credibility determination. It is well established in this Circuit that, where as here the claimant has produced objective medical evidence of an impairment or impairments which could reasonably be expected to produce some degree of pain and/or other symptoms (see AR 14, 18) and the record is devoid of any affirmative evidence of malingering (see AR 653, 686-87), the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986). The Court concurs with plaintiff that the opinions of the non-examining medical advisor, which as discussed above were insufficient to overcome the contrary opinions of plaintiff's treating physicians and not even supported by the substantial evidence of record, do not qualify as a clear and convincing reason for rejecting plaintiff's subjective testimony. The Court further concurs with plaintiff that the daily activities cited by the ALJ also do not constitute a clear and convincing reason for rejecting plaintiff's subjective testimony. See, e.g., Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for

1 exercise, does not in any way detract from her credibility as to her overall disability.
2 One does not need to be "utterly incapacitated" in order to be disabled."); Gonzalez
3 v. Sullivan, 914 F.3d 1197, 1201 (9th Cir. 1990) (holding that daily activities may not
4 be relied upon to support an adverse credibility determination unless the ALJ makes
5 an explicit finding to the effect that plaintiff's ability to perform those activities
6 translated into the ability to perform appropriate work activities on an ongoing and
7 daily basis); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security
8 Act does not require that claimants be utterly incapacitated to be eligible for benefits,
9 . . . and many home activities are not easily transferable to what may be the more
10 grueling environment of the workplace, where it might be impossible to periodically
11 rest or take medication."). The Court also notes that the daily activities cited by the
12 ALJ were daily activities that plaintiff had indicated she was capable of performing
13 in a daily activities questionnaire dated October 14, 2002 (see AR 14, citing AR 135-
14 37), which was within the period during which the ALJ found that (a) plaintiff was
15 disabled (see AR 16, 18), and (b) her complaints of pain and limitation were credible
16 (see AR 16). If the ALJ did not consider the evidence of these daily activities to be
17 inconsistent with plaintiff's claim of disability and/or her subjective testimony
18 regarding her pain and limitations in October 2002, the Court fails to see how the ALJ
19 could purport to cite the same evidence of these daily activities in support of his
20 adverse credibility determination. Finally, in addition to reasons set forth by plaintiff,
21 the Court finds that the ALJ erred by failing to specify which statements by plaintiff
22 concerning her symptoms and functional limitations after September 30, 2003 were
23 not credible and/or in what respect(s) plaintiff's statements were not credible. See
24 Smolen, 80 F.3d at 1284; see also Social Security Ruling ("SSR") 96-7p (requiring
25 that the ALJ's decision "contain specific reasons for the finding on credibility,
26 supported by the evidence in the case record," and that the decision "be sufficiently
27 specific to make clear to the individual and to any subsequent reviewers the weight
28

4

the adjudicator gave to the individual's statements and the reasons for that weight").[2]

As to the appropriate relief, the law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Ninth Circuit also has held that the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)[3]; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988); Lester, 81 F.3d at 834; Pitzer v. Sullivan, 980 F.2d 502, 506 (9th

---

[2] The Ninth Circuit has stated that Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

[3] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

Cir. 1990); Smolen, 80 F.3d at 1292; Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989). Under the foregoing authorities, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. This rule applies not only to a claimant's improperly discredited excess pain and other subjective symptom testimony, but also to improperly discredited opinions of a treating or examining physician.[4]

Here, the Court has found that the ALJ failed to properly reject the opinions of two of plaintiff's treating physicians and that the Appeals Council failed to properly reject the opinions of a third treating physician. Each of those treating physicians opined in effect that plaintiff had functional limitations that precluded her from performing work activities on a regular and continuing basis. See SSR 98-6p (defining "regular and continuing basis" as meaning "8 hours a day, for 5 days a week"). Thus, it appears clear from the record here that the ALJ would be required to find plaintiff disabled if the opinions of plaintiff's treating physicians were fully credited.

The Court also has found that the ALJ failed to properly reject plaintiff's excess pain and other subjective symptom testimony, which the ALJ characterized as "allegations of disabling pain, excess pain and limitation."

The Court therefore has concluded that this is a case where remand for the payment of benefits is warranted.

---

[4] The Court is mindful that, in Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003), the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. However, subsequent decisions of the Ninth Circuit have continued to apply the rule. See, e.g., Lingenfelter v. Astrue, 504 F.3d 1028, 1041 (9th Cir. 2007); Orn v. Astrue, 495 F.3d 625, 640 (9th Cir. 2007); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

**<u>Order</u>**

Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for the payment of benefits.

DATED: <u>July 1, 2008</u>

*/s/ Robert N. Block*

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE